# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AMBER ANDUZA, | § | |
|    *Plaintiff*, | § | |
| | § | Civil Action No. 4:19-cv-435 |
| v. | § | Judge Mazzant |
| | § | |
| MARSHALL COREY BAER and MAY | § | |
| TRUCKING COMPANY, | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment and Brief in Support (Dkt. #29). Having considered the motion and relevant pleadings, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

### I. Factual Summary

The events giving rise to this lawsuit occurred on or about August 15, 2017, when Plaintiff Amber Anduza was traveling southbound on Interstate 35 East (I-35 E). Plaintiff alleges that Defendant Marshall Corey Baer ("Baer"), who was also traveling southbound on I-35 E, attempted to change lanes into her lane and collided into her vehicle. Plaintiff claims that this collision caused her to lose control of her vehicle, which resulted in her entering another lane where she was then rear-ended by a third vehicle. The vehicle that Defendant Baer is alleged to have operated at the time was apparently owned by Defendant May Trucking Company ("May," and collectively with "Baer," "Defendants") and used by Defendant Baer with Defendant May's permission.

In her Original Petition, Plaintiff asserted three causes of action: (1) negligence against Defendant Baer; (2) negligent entrustment against Defendant May; and (3) negligence against

Defendant May on a theory of respondeat superior.  Defendants seek summary judgment as to only the negligent entrustment claim against Defendant May.

## II. Procedural History

On May 13, 2019, Plaintiff filed an Original Petition in the 16th Judicial District Court of Denton County, Texas (Dkt. #1-2).  On June 13, 2019, Defendant May filed a Notice of Removal to this Court (Dkt. #1).

On November 26, 2019, Defendants filed a motion for partial summary judgment (Dkt. #29).  Plaintiff has not responded to Defendants' motion.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment."  *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden

of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Under Texas law, for Plaintiff to prevail on a negligent entrustment cause of action, she must show the following: (1) Defendant May entrusted the vehicle to Defendant Baer; (2) Defendant Baer was an unlicensed, incompetent, or reckless driver; (3) Defendant May knew or should have known, at the time of the entrustment, that Defendant Baer was an unlicensed, incompetent, or reckless driver; (4) Defendant Baer was negligent on the occasion in question; and

(5) Defendant Baer's negligence proximately caused Plaintiff's injuries. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

Defendants claim that Plaintiff has not presented sufficient evidence to establish a negligent entrustment cause of action. Specifically, Defendants submit that Plaintiff has failed to establish that (1) Defendant May negligently entrusted its vehicle to Defendant Baer; (2) Defendant Baer was a reckless driver; and (3) Defendant May knew, or should have known, that Defendant Baer was a reckless driver.

After a review of the record, the Court agrees with Defendants that Plaintiff has not presented any evidence that Defendant May was a reckless driver or that Defendant May knew, or should have known, the same. Plaintiff did not respond to Defendants' motion for partial summary judgment or otherwise oppose the claims and arguments advanced by Defendants, so the Court presumes that Plaintiff does not controvert the facts set out by Defendants and has no evidence to offer in opposition to Defendants' motion. LOCAL RULE CV-7(d). Without more from Plaintiff, the Court finds that there is no genuine issue of material fact as to one or more elements of her negligent entrustment claim against Defendant May.[1]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Partial Summary Judgment and Brief in Support (Dkt. #29) is **GRANTED**. Plaintiff's claim of negligent entrustment against Defendant May is hereby **DISMISSED with prejudice**.

---

[1] The Court will emphasize that Plaintiff has had ninety-eight (98) days to respond to Defendants' motion, or otherwise provide evidence to controvert the facts and arguments set forth therein, but has failed to do so.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE